IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| U-SAVE PHARMACY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:05 CV 92 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ZENITH ADMINISTRATORS, INC., | ) | ORDER |
| and EMPLOYEE BENEFITS | ) | |
| SPECIALISTS, INC., | ) | |
| | ) | |
| DefendantS. | ) | |

Pending before the court is the motion filed by defendants to transfer venue of this case to the District of Colorado. The motion is opposed by plaintiff. The standards for considering a motion for a transfer of venue are well established:

> Section 1404(a) governs the ability of a federal district court to transfer a case to another district. This provision reads: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Id. Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995); 15 Charles Alan

> Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3847, at 370 (2d ed.1986). As the Supreme Court explained, "[a] motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." Stewart, 487 U.S. at 29. Although there is no exhaustive list of specific factors to consider, courts have determined that a valid and applicable forum selection clause in a contract is "a significant factor that figures centrally in the district court's calculus." Id. *** "... [W]e review a district court's decision regarding a section 1404(a) transfer motion for an abuse of discretion, see Stewart, 487 U.S. at 29; Everett v. St. Ansgar Hosp., 974 F.2d 77, 79 (8th Cir.1992)...."

Terra Intern., Inc. v. Mississippi Chemical Corp. 119 F.3d 688, 691 (8th Cir. 1997), cert den. 522 U.S. 1029 (1997)

> There is no doubt some inconvenience in litigating a case far from home, but the mere fact that the case is heard in a foreign state cannot be an adequate reason for a change of venue in a diversity action, since by hypothesis in such an action one of the parties will almost always have to litigate in a foreign state.

Hughes v. Wheeler, 364 F.3d 920, 924-25 (8th Cir 2004). However, the court must not accept or give great weight to conclusory statements in the materials urging or opposing a transfer motion. Id. (Rejecting affidavits which were "little more than a collection of conclusory statements and vague concerns about the ability of the federal district court in Nebraska properly to decide issues of California law").

Defendants argue the case should be transferred to Colorado for several reasons: The claim at issue was processed and rejected in Colorado; the medical providers, although in Nebraska, dealt with the defendants in Colorado; Zenith's Colorado office dealt with co-defendant EBS in Colorado; a principal witness for Zenith is no longer employed by it but resides in Colorado, outside the

subpoena power of this court; two of EBS's principal witnesses are also former employees living in Colorado outside the subpoena power of this court; the contract contains a choice-of-law provision that any dispute will be governed by Colorado law; all documents related to the processing of the claim at issue are in Colorado; it would be inordinately expensive for the defendants to litigate this dispute in Nebraska; and the civil dockets of the District Court for the District of Colorado are not as clogged as in this court.

Plaintiff argues that it is owed deference in selection of the forum in which its case will be heard; the contract was negotiated and executed in Nebraska by plaintiff's North Platte, Nebraska manager through an insurance agent in North Platte; the contract applies to 80-90 employees of the plaintiff in Nebraska; the medical treatment at issue was performed principally in Nebraska; plaintiff's principal witnesses reside in Nebraska, outside the subpoena power of the District Court in Colorado; there is no evidence before this court comparing the congestion in this court and the District of Colorado; this court is fully capable of applying Colorado law in the determination of this dispute; and the dispute giving rise to this case is derived from claims now pending in the Nebraska state courts, titled, *St. Elizabeth Regional medical Center, Plaintiff v. Ruth Peterson, Defendant/Third Party Plaintiff v. U-Save Pharmacy, et al.*, in the District Court of Lancaster County, Nebraska.  In addition, plaintiff argues that in the event the case remains in this district, it should be tried in North Platte, not Omaha as requested by defendants at the time of its removal.

Several of the arguments advanced by the parties appear to be simply mirror images, but in examining them in relation to the claims at issue, I conclude that the factors I must consider lead to the conclusion that the motion should be granted.  First, it appears from the pleadings that the operative facts giving rise to this case were not the formation of the contracts between the plaintiff and defendants, but rather their breach, which, if it

occurred, took place in Colorado when Zenith's and/or EBS's employees' failed to provide Centre Insurance Company complete information.  Plaintiff's Complaint, Para. 9, Filing 1, Exhibit B.  This failure to provide complete information, if it occurred, occurred in Colorado.

Whatever the records and files that were, or were not, provided to Centre Insurance Company should not be difficult to copy and make available to all the parties in this case, regardless of where the case is tried.  Thus, the records' location is not determinative.

I do not place great weight on the location of the parties' major witnesses, as the inconvenience balances, as in <u>Hughes</u>, cited above.  I do, however, consider the centrality of their involvement and expected knowledge and testimony.  Here, the more critical of the witnesses--whose testimony the jury will most likely construe in deciding the case---will be those of the defendants' employees and/or former employees who were involved in providing or failing to provide medical information to Centre Insurance Company.  In contrast, the plaintiff's critical witnesses' testimony is expected to relate to the formation of the contracts, not their breach.

I agree with the plaintiff that the court should give deference to the plaintiff's choice of forum, and I do so here.  Plaintiff might have filed its action initially in the District of Colorado, so it is clear plaintiff has already rejected that forum once.  In this case all parties are corporations, so presumably the economic factors often at work in cases of individuals, sometimes impecunious, filing their cases in their "home" districts as a matter of stark reality that they could not litigate them anywhere else.  It is also noted that Colorado and Nebraska are neighboring states, so neither state is "distant" from the other.  Further, as argued by plaintiff's counsel in support of his motion to hold trial in North Platte, Nebraska instead of Omaha, North Platte is

"only" about 265 miles from Denver, the site of the District Court for the District of Colorado.  Filing 21, Exhibit 2.

Although I have no doubt about this court's ability to construe and apply Colorado law in this case, the fact is that the Colorado courts could do it much more easily and efficiently than this court.  I think this factor tips in favor of defendants.

A possibly important, but not discussed, element here is the pendency of the Nebraska litigation on the underlying claim for payment made by the medical provider.  The defendant in that case brought U-Stop, the plaintiff in this case, into it as a third-party defendant, but there is nothing in the record before me which discloses what, if any effort has been made to bring all of the interested parties into one lawsuit so as to resolve all the players' various claims.  As it is, I cannot see that the existence of the state case favors either side in this case; although it appears to place U-Stop in a precarious position of being "whip-sawed," that vulnerability would, it seems to me, continue to be present so long as there remain two lawsuits, regardless of where this case is tried.

Finally, the defendants are correct in arguing that the plaintiff's affidavits in opposition to the motion do contain several conclusory statements, as rejected in Hughes, supra, (Filing 21, Exhibit 1) and also address the plaintiff's motion to transfer trial to North Platte, Nebraska, vis a vis Omaha.  Filing 21, Exhibit 2.  In considering this matter I have rejected conclusory statements.  So, too, have I rejected the defendant's argument about the comparative backlogs of this court and the U.S. District Court for the District of Colorado.

I give particular weight to the location of the witnesses who are likely to be key to the jury's decision, the comparative marginality of the plaintiff's witnesses in Nebraska, and the parties' choice of law.  In my view these factors favor

transferring the case to Colorado and outweigh the plaintiff's choice of forum.  I conclude this case should be transferred to the United States District Court for the District of Colorado.

     IT THEREFORE HEREBY IS ORDERED:

     1.  The motion to transfer venue, filing 15, is granted, and the clerk shall transfer the case to the United States District Court for the District of Colorado.

     2.  The plaintiff's motion for place of trial in North Platte, Nebraska, filing 10, is denied as moot.

     DATED May 11, 2005

                              BY THE COURT:

                              s/ *David L. Piester*
                              United States Magistrate Judge